### 3552.  DEWBERRY *v.* THE STATE.

The credibility of witnesses is exclusively for determination by the jury; and where there is some evidence to support the verdict this court will not set it aside, although that evidence is given by witnesses of bad character and interested motives.

DECIDED OCTOBER 10, 1911.

Indictment for sale of liquor; from Pike superior court—Judge Daniel. May 22, 1911.

*Henry O. Farr,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

HILL, C. J. Betsy Dewberry was convicted of violating the prohibition law of this State, and her motion for a new trial was overruled. Two witnesses were introduced by the prosecution. One was a detective, employed by the county commissioners, and paid $10 for every case made and sustained. This witness testified, that, on December 25, 1910, the chief of police of Barnesville gave him an empty bottle and 25 cents with which to buy whisky from the accused; that he and the chief of police went to the house of the accused for that purpose, and he went inside and the officer remained outside; that in the house he paid the accused 10 cents for whisky, receiving 15 cents in change; that he took this whisky and the 15 cents and gave it to the officer, and that he had no whisky in his possession when he went into the house, and no

money, except the 25 cents. The whisky bought from the accused was exhibited to the jury. The witness testified positively that he bought this whisky from the accused at the time and place stated in the accusation. The chief of police corroborated this witness, testifying that he gave him the money and the bottle, and went with him to the house of the accused; that before the detective went into the house with the bottle and the money, he searched him carefully, and that he had neither money nor whisky on his person; that the detective went into the house, where he remained a few moments, and came back with the whisky in the bottle, and returned to him the 15 cents in change. The officer testified that the character of this witness for the prosecution was bad, and that generally he would not believe him on his oath, but in the present case he believed him because of the facts he himself knew relating to the transaction. The principal witness stated that he knew his own general character, and it was bad, and sometimes he would believe himself on oath, and sometimes he would not, but that in the present case he was telling the truth. The accused introduced no evidence, but made a statement to the jury, denying that she had sold the whisky to the detective on that day, or at any other time.

. The case is brought to this court solely on the ground that the State's principal witness was impeached, and the jury should not have believed him, and that it was the duty of the jury to accept the statement of the accused in preference to the testimony of an impeached witness, who was uncorroborated as to the main facts. There is no merit in this objection, for two reasons: The verdict does not depend solely on the testimony of an impeached witness; that testimony is substantially corroborated by the evidence of the officer; and, secondly, the question of the credibility of this witness was exclusively a matter for the jury. The facts of this case afford this court an opportunity for repeating with emphasis that in no case will it interfere with the verdict of a jury, where that verdict is attacked solely on the ground that it is unsupported by credible evidence. The credibility of witnesses is wisely left by the law of this State exclusively to the determination of the jury; and this court has frequently held that it has neither the inclination nor the right to interfere with any verdict which is supported by some evidence, however slight that evidence, and however unreliable apparently the character of the witnesses who give that evidence.

*Judgment affirmed.*